Norkis, J.
The plaintiff and the defendant in error were respectively the plaintiff and defendant below. For his cause of action the plaintiff says that on the 25th of June, 1895, the defendant used in its manufacturing establishment in this city a freight elevator which ran and was operated from the basement of its building to the top floor which was the fourth story. That it was used to convey both people and *13 freight from one floor to another. The elevator was put in motion by moving a cable that hung through it perpendicularly. The safety of persons who might be in this elevator required that one with competent knowledge and judgment should have charge of and operate it, and that it should be equipped with proper appliances, so that it might not move until the operator, for that purpose, should properly move the table. He says that there was no signal bell at the entrance of the elevator, at each floor, as there should have been, so that it was necessary to step to the front of the •elevator and look up or down to ascertain which floor was being called. That the elevator was defective and broken, and suffered by defendant to remain so, in this, that the stop clamp or knob at the first floor, was displaced, so that at that floor the elevator would not respond to the proper movement of the cable to stop or move it at that floor. That defendant knew of these defects, and negligently allowed the elevator to remain in this condition; all of which plaintiff was ignorant of and had no means of ascertaining, and was not informed. He, plaintiff, says that on the 25th of June he was eleven years old, and was employed by defendant to work in and about the running of this elevator, and was working and was thus acting in compliance with the orders of those who had authority over him and who were in charge of said factory. That he was not skilled in operating an elevator, and had no knowledge of the danger to life and limb which threatened one who was so employed, and was not warned nor instructed as to his duties or the attendant dangers. That notwithstanding all this, and well knowing the defects and dangers, and his want of knowledge and want of skill and that he was only eleven years old, defendant wrongfully and negligently allowed plaintiff to be so employed. And that by reason of the premises, on the night, or rather morning of this 25th of June, while so employed in moving the elevator, and without plaintiff’s fault, *14 his foot was caught between the elevator and first floor, and was mangled and crushed, and that this very means by which he was hurt was one of the threatening and probable dangers of which he had no knowledge and of which it was defendant’s duty to have warned him; and for this injury he seeks to recover.
Defendant says that on this 25th of June, 1895, this boy, the plaintiff, was net an employe of defendant, but without the knowledge or consent of defendant,came into its factory, and while there got on the elevator, took hold of the cable, caused the elevator to move, and at the same time stood with his foot extended over the edge of the elevator, and while in that position the elevator ascended, caught his foot between the elevator and the floor, and he received the injury of which complaint is made. That all this was without the knowledge of defendant, and that having no knowledge of his presence there, it was powerless to prevent his injury. That defendant, when this boy entered the factory, was taking every reasonable measure to prevent persons other than employes from entering the factory; and that plaintiff knew this, and knew he was there without right and contrary to the orders of defendant; and all else in the petition defendant denies.
These allegations of the answer are denied by the reply.
The case was tried in the court of common pleas of this county, and a verdict for the defendant was returned by the jury to which the issues were submitted. Plaintiff presented his motion for a new trial, which was not allowed, and judgment was entered upon the verdict, and error is here prosecuted to the proceedings in the court below.
The reasons urged in the motion for new trial and the assignments of error in plaintiff’s petition in error in this court, are:
Error in admitting evidence over the objection of plaintiff, and error in rejecting evidence offered by plaintiff to *15 maintain the issues upon his part. Objection to the charge to the jury as given; error in refusing to charge as requested. That the verdict is against the weight of the evidence and is contrary to the law of the case. Error in overruling the motion for new trial. That there were irregularities in the proceedings of the court, and misconduct upon the part of the jury, That there has been new material evidence discovered, and surprise occasioned by the unexpected testimony of one of plaintiff’s witnesses; by ail of which he was prevented from having a fair trial, as asserted in his motion and in his petition in error. All of these grounds were not urged in the argument of the case, and do not appear to be relied on as reasons why the proceedings of the court below should be set aside; they will not, therefore,be ■seriously considered by this court as grounds of error or reasons for reversal.
As to the errors assigned in the court rejecting evidence offered by plaintiff and in receiving evidence offered by defendant over plaintiff’s objections: there were few marginal notes in the bill of exceptions pointing out the parts of the testimony of which plaintiff complains. We carefully went through the record with this in view, and without here noticing the objections in detail, we failed to find wherein the court rejected testimony that was competent,or admitted testimony that did not bear upon and have pertinence to the issues, and discover no'error in that regard.
As to whether the verdict is against the weight of the evidence and is contrary to the law of the case. In determining this we have to look to the relationship that existed between this boy and the defendant at the time the injury was sustained. And here if may be remarked that it does not appear that the defects in the elevator recited in the petition, which to suffer to exist by defendant is claimed to *16 be an act of negligence, caused or contributed to the injury of this boy. His foot was hurt by coming in contact with the bottom of the first floor. It is complained that the appliances by which the elevator was stopped, were so out of •order that it could not be without manipulation stopped at “the proper place when it reached the first floor. He was .hurt before it reached the stopping place at the first floor. When it reached the place to stop for the first floor, it was too late to prevent the injury — the injury had already oc. •curred. So, the fact that the elevator was defective, and for that reason could not be readily stopped even with the first floor, may not be considered as contributing to his injury.
Was this little boy at the time he was hurt, an employe of the defendant as alleged in the petition? He says — and he is corroborated by John Newton, the elevator boy — that three or four days before the accident Mr. Lowe, the day ■foreman, was asked by him whether he could give him a job in the factory at the end of the school term. Lowe said he would see, and in three or four days he should come •around and find oul. Newton says that Lowe answered to •come around when school was out, and he would see if he had any job for him, and fixed no day for his coming. Of this conversation Lowe has no recollection, but it was probably in response to it that Harry went there. He came to the •factory with Newton, and asked Mr. Lowe if he could give him work. He was told by Lowe that he (Lowe) had no place for him, but to see the night foreman, who might .give him a job. The boy was not invited to go to this elevator by any one who had a right to place him there; but there he went,and there he remained until he was hurt. He •did not attempt to see the night foreman, and did not see him; he made no further inquiry for work,and was not put to work or invited to go to work by anybody; so that it“ -cannot be claimed that he was an employe of the defendant, mor was he acting in the line of any duty assigned him for *17 performance when he was hurt. The little fellow, at the time of the accident, was there as a trespasser, amusing himself by riding up and down on this elevator. He went ■there to ask for work, and it was his duty to ask for work, •and if refused, to depart, But he did neither. He just ¡staid there, and he was not moved or impelléd or influenced ¡to remain by any person who had a right to invite him to ¡stay; he did chose to stay, and his stay was unwarranted, and so doing, he was, as the facts show, transgressing ¡the rules of defendant, and was in that sense a trespasser,
The injury which resulted to this boy might not fairly be ¡anticipated as one likely to happen, from the nature of this machine and its use. It is true, and anybody could see and know that if one put his foot so as to have it caught between the elevator and the ceiling, he would be injured. The boy himself swears that he was well aware of this. But it was a position so unlikely to be assumed by one riding in -the elevator that to anticipate it was not to anticipate a casualty that was liable to happen. The testimony shows that for even one running the elevator it was not necessary to ■stand out in front to see the other floor; but the top of the •crib was open, and the upper floor could be well seen without taking that position.
The .defendant had a right to have an elevator in its establishment,and it was not only a convenience, but a necessity. It is in the back part of an enclosed building, a guarded building as the record shows, not in sight and easy of ac•cess, not a constant threat and menace like the turn-table in ■the Stuart case, or the torpedoes in the Harriman case, or the mash-tub in the Bellman case, inviting children to re■sort to it for amusement and pastime; and to maintain this ■elevator as defendant did was not negligence.
The plaintiff not being an employe, the defendant owed him none of the duties recited in the Corrigan case in the -46 Ohio St., and in no wise could sec. 6986, of the Revised *18 Statutes, in relation to the employment of children, apply. To have this elevator there, was not negligence. To keep it in the condition it was in, so far as it relates to this- accident, was not negligence. To have that little boy come in there and ask for work was not negligence, This was not an establishment wherein was dangerous machinery, like a machine shop or a planing-mill, which when in motion threatened employes and visitors and everybody — the most dangerous contrivance it had in use appears to have been this, elevator. An elevator is not deemed a dangerous piece of machinery, in the ordinary sense of that term, so that when this little boy went into this factory,it would not suggest itself that due care for him under the circumstances demanded that he should be guarded and guided until he left, and it was not a violent supposition upon the part of that man Lowe that the child would go away after he found no work. We think the jury was warranted in finding- — as it probably did find — -that nobody in that factory who had charge, knew of his presence in the elevator, and hence, even if anticipated, were liable to have prevented the accident by sending him home. The boy came there to ask for employment. It was his duty to ascertain whether or not there was work for him,and if there was not, it was his duty to depart, The duty, and the only duty which defendant owed to this boy under the circumstances, was to see that while he was there, no injury should befall him through the wanton carelessness of its employes, and that he should be safe from the result of any negligence Upon its part or upon the part of its servants that amounted to bad faith, and all this measured by the boy’s age and his surroundings. The injury — from the facts — appears to have been simply the result of a deplorable accident, occasioned by nobody’s fault, but the poor little fellow’s own fault.
As to the requests to charge, we find that such of them -as are applicable to the issues were in substance given. The *19 ■charge as given fairly states the issues, and fully covers the law of the case, and finding no error in the record to the prejudice of plaintiff in error, the judgment is affirmed at costs of plaintiff in error, without penalty, and the case is xemanded for execution.
Beard & Beard, for Plaintiff in Error.
B. W. Tolerton, for Defendant in Error.